UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-343-01-F
No. 5:11-CV-297-F

| | | |
|---|---|---|
| MOSES LIRAN DAVIS,<br>    Petitioner, | )<br>)<br>) | |
| v. | )<br>) | ORDER |
| UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>) | |

This matter is before the court for initial consideration of petitioner, Moses Liran Davis's ("Davis") "Motion to Vacate, Set Aside or Correct his Sentence" pursuant to 28 U.S.C. § 2255 [DE-89], filed June 10, 2011.[1] Rule 4, RULES GOVERNING § 2255 PROCEEDINGS, provides:

> **(b) Initial consideration by judge.** . . . If it plainly appears from the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Davis's Memorandum [DE-90] filed in support of his § 2255 motion sets out in detail the procedural and factual background of his case. Reference herein specifically is made to that Memorandum for the history of this action and the specifics of Davis's claims.

Davis is correct that after hearing the evidence on his motion to suppress, the undersigned entered an order [DE-34] concluding that officers in an undercover SRT[2] van, next to which Davis parked his car in the BP service station parking lot, did not have probable cause to arrest Davis at the time they forcefully pulled Davis out of his car. The totality of circumstances, however, fully supported the officers' reasonable suspicion that criminal activity

---

[1] This motion, submitted by the Clerk on June 13, 2011, for initial consideration became misplaced in chambers until this date.

[2] "SRT" stands for "Special Response Team."

was afoot, based on the knowledge they possessed when setting up surveillance in the parking lot, together with Davis's arguably "innocent" conduct of pulling his car into the space right next to the surveillance van. Officers were positioned at the BP station to conduct surveillance and back up during a controlled drug buy from a target who was expected to arrive for the buy with his "friends." Davis found himself in the wrong place very much at the wrong time. Reasonably suspecting that Davis, who happened to drive into the parking lot right after the target arrived, was one of the expected "friends" who unwittingly parked next to the surveillance and back-up team, the officers yanked him out of his car without warning to conduct a protective frisk for officer safety. As they were extricating Davis from his car, the officers observed a bag of marijuana in plain view in a compartment in the driver's side door.

It was at *that* point that probable cause unexpectedly developed. Upon witnessing the contraband in the driver's door, the officers then possessed probable cause to search the vehicle for evidence of the observed criminal violation – possession of a controlled substance. They searched the vehicle in the manner and in the places where such evidence might be found, and, in fact, it was.

Davis complains in part that had the officers given him some kind of notice or an opportunity to exit his car voluntarily, he would have had time to hide the marijuana from sight. If they had not seen the marijuana, the officers would not have gained probable cause to search the vehicle and discover also "the loaded .38 caliber pistol under the floor mat; a quantity of cocaine in a Crown Royal bag in the glove compartment; a quantity of crack cocaine and a Tanita digital scale in the console; $320 in cash near the parking brake; and a tote bag in the trunk containing a 9mm pistol with filed-off serial numbers." Memorandum [DE-90], p. 6. At best, that argument begs the question and does not merit discussion.

Primarily, however, Davis contends that his appellate counsel was ineffective because he raised, but did not argue and therefore waived, on appeal that the decision in *Arizona v. Gant*,

2

129 S. Ct. 1710 (2009), rendered the vehicle search illegal. Had counsel done so, Davis argues, his conviction would have been vacated. While Davis is correct that the *Gant* decision was announced while his case still was pending on appeal, he is mistaken that *Gant* would (or even could) have been applied to the facts of his case.

As Davis acknowledges, *Gant* "addressed the search-incident-to-arrest exception to the warrant requirement of the Fourth Amendment." Memorandum [DE-90] at p. 12. However, Davis' vehicle was not searched as an incident of his arrest; the vehicle was searched based on *probable cause* created when the officers observed contraband in the driver's side door pocket as they were removing Davis from his car based on a reasonable suspicion of criminal activity jeopardizing officer safety. In short, *Gant* just does not apply to the particular facts of this case as found by the court in its order [DE-34] denying Davis's Motion to Suppress. The warrantless search of the vehicle was based on probable cause, and was not conducted incident-to-arrest or even as a protective sweep.

Because the *Gant* decision would not have affected the outcome of this case, Davis cannot demonstrate that he was prejudiced, as required by *Strickland v. Washington*, 466 U.S. 668 (1984). For the same reason, his attorney's failure to petition the Supreme Court for a writ of *certiorari* based on *Gant*, also cannot amount to ineffective assistance under *Strickland*.

In conclusion, the court finds that "it plainly appears from the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. Therefore, Davis's § 2255 motion [DE-89] is DISMISSED. The clerk is DIRECTED to so notify Davis.

The court can perceive no basis for issuance of a Certificate of Appealability, and such Certificate therefor is DENIED.

SO ORDERED.

This, the 29th day of December, 2011.

_James C. Fox_
JAMES C. FOX
Senior United States District Judge