IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-343-BO-1
NO. 5:17-CV-269-BO

| | | |
|---|---|---|
| MOSES LIRAN DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on respondent's motion to dismiss (DE 119) petitioner's

motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner did not

respond to respondent's motion. In this posture, the issues raised are ripe for ruling. For the reasons

that follow, the court grants respondent's motion to dismiss.

**STATEMENT OF THE CASE**

On July 25, 2008, petitioner was found guilty, following a jury trial before Judge James C.

Fox, of the following: possession with the intent to distribute a quantity of cocaine and a quantity

of marijuana in violation of 21 U.S.C. § 841(count one); felon in possession of a firearm and

ammunition in violation of 18 U.S.C. §§ 922(g) and 924 (count two); and the use and carry of a

firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (count three).

United States v. Davis, No. 5:07-CR-343-BO (E.D.N.C. July 25, 2008). On November 14, 2008,

petitioner was sentenced to a total term of 420 months imprisonment. Id. (Nov. 14, 2008).

Petitioner's conviction and sentence subsequently was affirmed on appeal. See United States v. Davis, 383 F. App'x 269 (4th Cir. 2010).

On June 10, 2011, petitioner filed his first *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was dismissed on December 29, 2011. Davis, No. 5:07-CR-343-BO (June 10, 2011 and Dec. 29, 2011). Petitioner subsequently sought permission in the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion based upon the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). See In re Davis, No. 16-9710 (4th Cir. July 25, 2016). On July 25, 2016, the Fourth Circuit granted petitioner authorization to file a second or successive § 2255 motion finding that petitioner made a *prima facie* showing that the new rule of constitutional law announced in Johnson, and held to apply retroactively on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case. Id.

On May 26, 2017,[1] petitioner filed the instant § 2255 petition asserting that his designation as a career offender under the sentencing guidelines was improper, based upon the United States Supreme Court's holding in Johnson. Petitioner also alleged that his sentence was improperly enhanced using a consolidated judgment. On the same date, the instant action was re-assigned to the undersigned. Respondent subsequently moved to dismiss petitioner's petition pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the petition is time-barred. Alternatively,

---

[1] Providing petitioner the benefit of the mailbox rule, the court deems his petition, dated May 26, 2017, but filed on June 5, 2017, to be filed on May 26, 2017. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

2

respondent argues that petitioner failed to state a claim upon which relief may be granted. Petitioner did not respond to respondent's motion.

On November 9, 2017, the court directed respondent to supplement its motion to dismiss. The court specifically directed respondent to address petitioner's argument that his sentencing enhancement pursuant to § 851 was improper because the offenses used to enhance his sentence were part of a consolidated judgment, which petitioner contends constitutes a single sentence. Respondent complied with the court's November 9, 2017, order.

## DISCUSSION

A.    Motion to Dismiss

    1.    Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is

3

entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotations omitted). On a motion to dismiss, courts "may properly take judicial notice of matters of public record." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

    2.    Analysis

Respondent first argues that petitioner's § 2255 petition is untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a motion to vacate, set aside, or correct sentence pursuant to § 2255 must be filed within one year. 28 U.S.C. § 2255. The period begins to run from the latest of several dates:

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the case at hand, the statutory period began to run on April 18, 2016, when the Supreme Court decided Welch, which held that the new rule of constitutional law announced in Johnson is retroactively applicable to cases on collateral review. See 28 U.S.C. § 2255(f)(3); Welch, 136 S. Ct.

4

at 1268. Welch was decided on April 18, 2016.[2] The one-year statute of limitations period then began to run and expired on April 18, 2017. See, e.g., Jackson v. United States, No. 7:03-431-MBS, 2017 WL 4843972, at *2 (D.S.C. Oct. 26, 2017); see also, 28 U.S.C. § 2255(f)(3). Petitioner filed his § 2255 petition on May 26, 2017, after the expiration of the statute of limitations time period. Thus, petitioner's action is time-barred.

Even if petitioner's action is not time-barred, he still is not entitled to relief. Petitioner's chief complaint is that he no longer qualifies as a career offender because his enhanced sentence was based upon prior North Carolina State convictions which no longer qualify as crimes of violence under Johnson. In Johnson, the United State Supreme Court held that the residual clause in 18 U.S.C. § 924(e) of the Armed Career Criminal Act ("ACCA") defining a "crime of violence" was unconstitutionally vague. Johnson, 135 S. Ct. at 2557. Importantly, petitioner's sentence was not enhanced pursuant to ACCA. Rather, petitioner was sentenced as a career offender pursuant to United States Sentencing Guideline § 4B1.1.

Post-Johnson, the United States Supreme Court addressed whether its ruling in Johnson invalidating ACCA's residual clause applied to the residual clause found in § 4B1.2(a), and held that it did not. United States v. Beckles, 137 S. Ct. 886, 890 (2017). Beckles, 137 S. Ct. at 890. Specifically, the court in Beckles explained:

> Unlike the [Armed Career Criminal Act, 18 U.S.C. § 924(e), at issue in Johnson], the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a

---

² To the extent petitioner attempts to raise a claim pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), the United States Court of Appeals held that Simmons was retroactively applicable to cases on collateral review on August 21, 2013. See Miller v. United States, 735 F.3d 141, 146 (4th Cir. 2013). Accordingly, petitioner's May 26, 2017, § 2255 petition clearly is untimely.

5

> court's discretion in choosing an appropriate sentence within the
> statutory range. Accordingly, the Guidelines are not subject to a
> vagueness challenge under the Due Process Clause. The residual
> clause in § 4B1.2(a)(2) therefore is not void for vagueness.

Beckles, 137 S. Ct. at 890–92 (internal citations and ellipsis omitted); see also, United States v.
Mack, 855 F.3d 581, 585 (4th Cir. 2017). As stated, petitioner was sentenced as a career offender
pursuant to § 4B1.1, and not pursuant to ACCA. Accordingly, Johnson is inapplicable to petitioner's
career offender enhancement, and petitioner's challenge to his advisory Guideline sentence pursuant
to U.S.S.G. § 4B1.1 fails.

    The court next addresses petitioner's contention that he no longer qualifies as a career
offender because the enhancement was applied using a prior conviction for possession with the intent
to manufacture, sell, or deliver marijuana, which was part of a single consolidated judgment.
(See PSR ¶¶ 17, 19). Under the career offender guidelines, a defendant's sentence may be increased
if:

> (1) the defendant was at least eighteen years old at the time the
> defendant committed the instant offense of conviction; (2) the instant
> offense of conviction is a felony that is either a crime of violence or
> a controlled substance offense; and (3) the defendant has at least two
> prior felony convictions of either a crime of violence or a controlled
> substance offense.

U.S.S.G. § 4B1.1(a). The Fourth Circuit has held that a consolidated sentence under North Carolina
law is a single sentence for purposes of the career offender enhancement. United States v. Davis,
720 F.3d 215, 219-20 (4th Cir. 2013).

    Here, the sentencing court did not use petitioner's prior drug conviction to apply the career
offender enhancement. Rather, the sentencing court used the drug conviction to enhance petitioner's

6

sentence pursuant to § 851. (See PSR ¶¶ 17, 19). For the career offender enhancement, the sentencing court used two separate prior convictions which each qualified as a crime of violence pursuant to § 4B1.2–assault inflicting serious bodily injury, and assault on a law enforcement officer with a firearm. (See PSR ¶¶ 20-21). The two convictions used to apply the career offender enhancement carry two separate sentences and were unrelated to the drug conviction used to enhance petitioner's sentence pursuant to § 851. As a result, petitioner's career offender enhancement does not conflict with the Fourth Circuit's ruling in Davis, and petitioner's challenge to his career offender enhancement fails.

B.  ·  Certificate of Appealability

A section 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Buck v. Davis, 137 S. Ct. 759, 777 (2017) (citation omitted); Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its

7

procedural ruling.' " Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack, 529 U.S. at 484).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and that none of the issues presented by petitioner are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the reasons stated, respondent's motion to dismiss (DE 119) is GRANTED, and petitioner's § 2255 petition (DE 113) is DISMISSED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the __9__ day of January, 2018.

TERRENCE W. BOYLE
United States District Judge